FILED

COPY

2013 AUG 26 PM 2:46

CLERK US DISTRICT COURT
CENTRAL DIST OF CALIF
LOS ANGELES

BY:_____

Juanita R. Brooks (SBN 75934)
brooks@fr.com
Roger A. Denning (SBN 228998)
denning@fr.com
Olga I. May (SBN 232012)
omay@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Defendants FRESENIUS USA, INC., FRESENIUS USA MANUFACTURING, INC., FRESENIUS MEDICAL CARE HOLDINGS, INC., FRESENIUS MEDICAL CARE NORTH AMERICA, INC, FRESENIUS USA MARKETING, INC., and BEN LIPPS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

KIMBERLY JOHNSON, SHALA JOHNSON, HOLLIS JOHNSON, NIESHA JOHNSON, DIESHA JOHNSON, BRYAN BROWN, AND ANNTONI ANDERSON, a minor, by and through her guardian ad litem, KIMBERLY JOHNSON,

Plaintiffs,

v.

FRESENIUS USA, INC., FRESENIUS USA MANUFACTURING, INC., FRESENIUS MEDICAL CARE HOLDINGS, INC., FRESENIUS MEDICAL CARE NORTH AMERICA, INC., FRESENIUS USA MARKETING, INC., WALTER L. WEISMAN, BEN LIPPS, and DOES 1-100 INCLUSIVE,

Defendants.

Case No. **CV13-06245**

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b) (DIVERSITY JURISDICTION)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Fresenius USA, Inc., Fresenius USA Manufacturing, Inc., Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America, Fresenius USA Marketing, Inc., (collectively "the Fresenius Defendants")[1] hereby remove this civil action from the Superior Court of California for the County of Los Angeles, where it is currently pending as Case No. BC514655, to the United States District Court for the Central District of California, Western Division. This case is removable because:

- There is complete diversity between the Plaintiffs and the properly-joined Defendants, the amount in controversy is satisfied, and this removal is filed within 30 days after service on the Fresenius Defendants under 28 U.S.C. § 1446(b)(2)(B).
- Defendant Walter L. Weisman is fraudulently joined, and thus his citizenship should be ignored for purposes of determining diversity jurisdiction. This is a product-liability action, and Plaintiff does not set forth any specific factual allegations upon which there could be any liability against Mr. Weisman.
- The citizenship of the Doe Defendants should be disregarded in determining whether the court has diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1).

## Background

1. This case is a product-liability action for injuries allegedly sustained as a result of the use of NaturaLyte and/or GranuFlo—products used in hemodialysis treatment. On March 29, 2013, the Judicial Panel on Multidistrict Litigation entered an order creating a multidistrict-litigation ("MDL") proceeding for similar federal

---

[1] The Complaint also names "Fresenius Medical Care North America, Inc." as a defendant. "Fresenius Medical Care North America, Inc." is not a legal entity. "Fresenius Medical Care North America" is a d/b/a for Fresenius Medical Care Holdings, Inc.

1

cases in the United States District Court for the District of Massachusetts. *See In re Fresenius/NaturaLyte Dialysate Prods. Liab. Litig.*, No. 1:13-md-02428-DPW (D. Mass.). As of this date, approximately 200 similar cases are pending in the MDL proceeding.

2. Plaintiffs commenced this product liability action on July 10, 2013, by filing a Complaint in the Superior Court of California for the County of Los Angeles. Plaintiffs served a copy of the summons and Complaint on the Fresenius Defendants on July 26, 2013. As of this filing, Plaintiffs have not served Mr. Weisman or Mr. Lipps.[2]

3. Plaintiffs allege that Decedent Robin Brown suffered cardiac arrest and death resulting from the use of NaturaLyte and/or GranuFlo in her dialysis treatment. [Ex. A[3], Compl. ¶¶ 50-56.] According to the Complaint, Plaintiff received dialysis treatment "[f]rom approximately June 15, 2011 through July 10, 2011" at "White Memorial Medical Center in Los Angeles, California." [Ex. A, Compl. ¶ 50.] And according to the Complaint, the use of NaturaLyte and/or GranuFlo in Brown's treatments caused "significant injuries . . . during hemodialysis, including alkalosis, sudden cardiac arrest, and death on July 11, 2011." [*Id.* ¶ 53.]

4. Plaintiffs assert claims against the Fresenius Defendants, Walter Weisman, and Ben Lipps for strict products liability, negligence, failure to warn, breach of warranty of merchantability, breach of express warranty, breach of implied warranty, fraud, unjust enrichment, wrongful death, and survivorship. Plaintiffs seek to recover for compensatory damages, medical expenses, past and future lost wages and loss of earning capacity, past and future emotional distress,

---

[2] Because Mr. Weisman has not been served and is not properly joined as a defendant, and because Mr. Lipps has not been served, their consent to the removal is not required. *See* 28 USC § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and **served** must join in or consent to the removal of the action.") (emphasis added).

[3] All citations to "Exhibits" are citations to the exhibits to the Declaration of Roger A. Denning in Support of Notice of Removal filed herewith.

2

1 | wrongful death, consequential damages, disgorgement of profits, restitution,
2 | punitive damages, attorneys' fees, costs, interest, and other relief. [Ex. A, Compl.
3 | p.45.]
4 |     5.    As shown in more detail below, this Court has subject matter
5 | jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil
6 | actions where the matter in controversy exceeds the sum or value of $75,000,
7 | exclusive of interest and costs, and is between . . . citizens of different States."

## I. The Amount-in-Controversy Requirement Is Satisfied

6. The amount in controversy exceeds $75,000. Plaintiffs seek to recover for compensatory damages, medical expenses, past and future lost wages and loss of earning capacity, past and future emotional distress, wrongful death, consequential damages, disgorgement of profits, restitution, punitive damages, attorneys' fees, costs, interest, and other relief. [Ex. A, Compl. p. 45.] The Complaint does not state a specific amount demanded. *See* Cal. Code Civ. Proc. § 425.10 (stating that "the amount demanded shall not be stated" for an action "brought to recover actual or punitive damages for personal injury or wrongful death").

7. Where, as here, the complaint does not specify the amount of damages each plaintiff seeks, the court must determine whether it is "facially apparent from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal quotations omitted); *accord Titans Trading Corp. v. JTS Express*, 2009 WL 537515, at *5 (C.D. Cal. Mar. 3, 2009).

8. Here, Plaintiffs are seeking to recover for personal injuries and wrongful death. [Ex. A, Compl. pp. 44-45.] In such cases, a court in this District has determined that it is facially apparent that the amount in controversy exceeds $75,000. *Kammerdiener v. Ford Motor Co.*, 2010 WL 682297, at *2 (C.D. Cal. Feb. 24, 2010) ("That Plaintiffs are seeking recovery for wrongful death is sufficient

3

to establish that the amount in controversy exceeds $75,000 on the face of the Complaint.").

9. Furthermore, Plaintiffs are seeking punitive damages, which are to be included in calculating the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *accord Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("In an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement.").

10. Because it is "facially apparent" from the Complaint that Plaintiffs seek more than $75,000, the amount-in-controversy requirement is satisfied.

## II. Complete Diversity of Citizenship Exists between Plaintiff and Properly-Joined Defendants

11. According to the complaint, Decedent Robin Brown was a citizen of California. [Ex. A, Compl. ¶ 4.]

12. The Complaint further alleges that "[a]t all times relevant to this action" Plaintiffs Shala Johnson, Kimberly Johnson, Hollis Johnson, Niesha Johnson, Diesha Johnson, Bryant Brown, and Anntoni Anderson were surviving children of the Decedent and also resided in California. [Ex. A, Compl. ¶¶ 5-6.] The Complaint alleges conduct occurring from 2000 to 2012. Moreover, the Decedent was a resident and citizen of California until death. [Ex. A, Compl. ¶ 4.] Given those facts, Plaintiffs are citizens of California for purposes of diversity jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a natural person's citizenship is determined by domicile—residency with intent to remain).

13. Fresenius USA, Inc. is a corporation organized under the laws of Massachusetts [Ex. A, Compl. ¶ 11.] with its principal place of business in Massachusetts. Fresenius USA, Inc. is therefore a citizen of Massachusetts for

4

1  purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). Fresenius USA, Inc.
2  is not now, and was not at the time of the filing of the Complaint and all intervening
3  times, a citizen or resident of the State of California.
4      14.   Fresenius USA Manufacturing, Inc. is a corporation organized under
5  the laws of Delaware with its principal place of business in Massachusetts. [Ex. A,
6  Compl. ¶ 12.] Fresenius USA Manufacturing, Inc. is therefore a citizen of
7  Delaware and Massachusetts for purposes of diversity jurisdiction. *See* 28 U.S.C. §
8  1332(c)(1). Fresenius USA Manufacturing, Inc. is not now, and was not at the time
9  of the filing of the Complaint and all intervening times, a citizen or resident of the
10 State of California.
11     15.   Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care
12 North America is a corporation organized under the laws of New York with its
13 principal place of business in Massachusetts. [Ex. A, Compl. ¶ 9.] Fresenius
14 Medical Care Holdings, Inc. is therefore a citizen of New York and Massachusetts
15 for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). Fresenius
16 Medical Care Holdings, Inc. is not now, and was not at the time of the filing of the
17 Complaint and all intervening times, a citizen or resident of the State of California.
18     16.   Fresenius USA Marketing, Inc. is a corporation organized under the
19 laws of Delaware with its principal place of business in Massachusetts. [Ex. A,
20 Compl. ¶ 13.] Fresenius USA Marketing, Inc. is therefore a citizen of Delaware and
21 Massachusetts for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).
22 Fresenius USA Marketing, Inc. is not now, and was not at the time of the filing of
23 the Complaint and all intervening times, a citizen or resident of the State of
24 California.
25     17.   Although the caption of the Complaint does not identify Fresenius
26 USA Sales, Inc. as a defendant, Paragraph 14 of the Complaint alleges facts
27 concerning "Defendant Fresenius USA Sales, Inc." [Ex. A, Compl. ¶ 14.]
28 Fresenius USA Sales, Inc. is no longer a legal entity; it was dissolved on March 29,

2010. In any event, before its dissolution in 2010, Fresenius USA Sales, Inc. was a corporation organized under the laws of Massachusetts with its principal place of business in Massachusetts. [*See* Ex. A, Compl. ¶ 14.] Fresenius USA Sales, Inc. is not now, and was not at the time of the filing of the Complaint and all intervening times, a citizen or resident of the State of California.

18. The Complaint also names Dr. Ben Lipps as a defendant.[4] [Ex. A, Compl. ¶ 16.] Although the Complaint alleges he is a resident of Orange County, California [*id.*], Ben Lipps is not a resident or citizen of California. He is a citizen of Nevada.

19. Ben Lipps lived in California before 1996 but has not lived in California since. Although he owns two vacation houses there, in Newport Beach and in Palm Springs, he spends only limited periods of time there when he travels to California for business or pleasure. [Decl. of Ben J. Lipps ¶¶ 6-7.]

20. From October 1996 through June 2013, Ben Lipps was a resident and citizen of Massachusetts. [*Id.* ¶ 2.]

21. Since July 2013, Ben Lipps has been living in Nevada. [*Id.* ¶¶ 4-5.] He has established his own business, Lipps & Associates, LLC, which is located at 930 Tahoe Boulevard, Suite 802-545, Incline Village, Nevada 89451. His automobile is registered in Nevada. His current driver's license is issued by Massachusetts, but he will be applying for a Nevada license. He is currently registered to vote in Massachusetts, but will be registering to vote in Nevada for the next general election. He pays taxes to the State of Nevada and Washoe County, Nevada. His most recent bank account was established with Bank of America in Incline Village, Nevada. [*Id.* ¶ 5.] Taken together, all those facts establish that Ben Lipps is a citizen of Nevada, not California. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (listing domicile factors as "voting registration and voting practices,

---

[4] Ben Lipps is not a Medical Doctor. Ben Lipps received a Ph.D. in Chemical Engineering at the Massachusetts Institute of Technology.
…

location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.").

22. Thus there is complete diversity of citizenship between Plaintiffs and the Fresenius Defendants and Ben Lipps.

23. Under 28 U.S.C. § 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded." Thus, the citizenship of the Doe Defendants is not considered for purposes of determining this Court's jurisdiction. *See Olive v. Gen. Nutrition Ctrs., Inc.*, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

### III. Mr. Weisman Is Fraudulently Joined as a Defendant and His Citizenship Is Ignored for Purposes of Diversity Jurisdiction

24. Defendant Walter Weisman is a citizen of California. [Ex. A, Compl. ¶ 15.] That fact does not alter the diversity analysis, however, because Mr. Weisman was fraudulently joined as a defendant in this action.

25. Ordinarily, all plaintiffs must be diverse from all defendants. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001). "Nevertheless, one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (brackets and quotations omitted).

7

1  26. Here, Plaintiffs have failed to allege sufficient facts to state a cause of action against Mr. Weisman. This is a product-liability action "relating to the Defendants' design, manufacture, research, sale, testing, marketing, advertising, promotion, and/or distribution of [GranuFlo] and [NaturaLyte] for use as acid concentrates during hemodialysis." [Ex. A, Compl. ¶ 1.] The Complaint nowhere alleges that Mr. Weisman was the designer, manufacturer, or seller of GranuFlo or NaturaLyte. Indeed, in its 217 paragraphs, the Complaint focuses on the knowledge and conduct of the Fresenius Defendants in designing, manufacturing, and selling GranuFlo and NaturaLyte.

27. The individual allegations against Mr. Weisman are limited to a single paragraph, Paragraph 15, which states:

> Walter L. Weisman (hereinafter also referred to as "Weisman") was, at all times pertinent, a member of the Supervisory Board for Fresenius Medical Care in Los Angeles, California and has held that position since 1996. Mr. Weisman is also a Member of the Supervisory Board at Management AG – General Partner of Fresenius Medical Care, is the Chairman of the Audit and Corporate Governance Committee of Fresenius Medical Care, a member of the Joint Committee of Fresenius Medical Care and a member of the Nomination Committee of Fresenius Medical Care. At all times, the Supervisory Board, Audit and Governance Committee and Joint Committee, which Mr. Weisman was a member of, managed, supervised and controlled all the North American Fresenius business entities. At all times pertinent, Mr. Weisman, had oversight, management and knowledge of the defective nature of GranuFlo® and NaturaLyte®, but deliberately and/or negligently failed to advise the public, health care providers, including Decedent and Decedent's treating physicians, of these defects, despite having the duty to do so, as well as having the ability to effectuate the decision to implement GranuFlo and Naturalyte without providing the appropriate warnings. Defendant Weisman's salary, bonuses and benefits as an officer, director, and committee member of Fresenius Medical Care are commensurate with the profitability of Fresenius and as a member of Fresenius's Board, Defendant Weisman holds and has been granted significant stock positions and options in Fresenius based on its profitability. Defendant Weisman held the same corporate governance positions during the time Defendants were operating under a

8

        Corporate Integrity Agreement, which related to the management of Fresenius Clinics.[5]

[*Id.* ¶ 15.] The Complaint fails to provide any additional facts regarding Mr. Weisman's alleged liability. For example, the Complaint nowhere alleges that Mr. Weisman treated the Decedent or had any relationship with the Decedent. Likewise, the Complaint nowhere alleges that Mr. Weisman had any relationship with the medical facility in which Decedent was treated or with any of the named Fresenius Defendants in this case.

      28.    In sum, the Complaint contains no factual allegations that could support the legal conclusion that Mr. Weisman owed a duty to the Plaintiffs or Decedent. Setting aside the "general and conclusory" allegations of misconduct, Plaintiffs have failed to state a claim against Mr. Weisman. *Fisher v. Paul Revere Ins. Group*, 55 Fed. App'x 412, 414 (9th Cir. 2002) (unpublished) (a non-diverse defendant was fraudulently joined where the plaintiff did not specifically allege facts that would support any of the elements of plaintiff's state law claim); *see also Mass. Eye & Ear Infirmary v. Eugene B. Casey Found.*, 417 F. Supp. 2d 192, 194

---

[5] Paragraph 15 is misleadingly incorrect in many respects. Most particularly, the company of which Mr. Weisman serves as a member of the Supervisory Board is Fresenius Medical Care AG & Co. KGaA, a German indirect parent company of defendant Fresenius Medical Care Holdings, Inc. The Complaint tries to obscure the distinction between those two entities by using the confusingly shortened reference "Fresenius Medical Care" to identify Mr. Weisman's affiliation. The first two sentences would be largely accurate if the full name "Fresenius Medical Care AG & Co. KGaA" were substituted for "Fresenius Medical Care" throughout paragraph 15. But this correction would be destructive of Plaintiffs' case against Weisman because the German company is not involved in the manufacture, development, promotion, or sale of GranuFlo or NaturaLyte. The reference to "Management AG" should be to "Fresenius Medical Care Management AG," another German company on whose Supervisory Board Mr. Weisman serves. It is also not involved in the manufacture, development, promotion, or sale of GranuFlo or NaturaLyte. Mr. Weisman does not serve on the local supervisory board for any of the Fresenius clinics or businesses in Los Angeles, California or elsewhere in the United States. The statements that "Defendant Weisman's salary, bonuses and benefits as an officer, director, and committee member of Fresenius Medical Care are commensurate with the profitability of Fresenius and as a member of Fresenius's Board, Defendant Weisman holds and has been granted significant stock positions and options in Fresenius based on its profitability" are vague and attempt to obscure the differences between separate corporate entities. The statements that "Mr. Weisman had oversight, management and knowledge of the defective nature of [GranuFlo and NaturaLyte]" and "the ability to effect the decision to implement GranuFlo and Naturalyte" are unsupported by any factual allegations in the Complaint; they are also untrue.

9

(D. Mass. 2006) (ignoring fraudulently joined defendant's citizenship because defendant was only mentioned in two of the paragraphs in the complaint and there was no allegation about how defendant caused plaintiff any harm).

29.  The Complaint's references to "Defendants" collectively are not sufficient to state causes of action against Mr. Weisman specifically. Other federal courts have held that a plaintiff cannot defeat a fraudulent-joinder argument by pointing to factual allegations attributing wrongdoing to all defendants collectively. *See, e.g., Beavers v. DePuy Orthopaedics, Inc.*, 2012 WL 1945603, at *5 (N.D. Ohio May 30, 2012); *Oshima v. Kia Motors Corp.*, 2012 WL 1578397, at *5-7 (D. Colo. May 4, 2012); *Cranston v. Mariner Healthcare Mgmt. Co.*, 2003 WL 21517999, at *3-4 (N.D. Miss. June 18, 2003); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001); *Salisbury v. Purdue Pharm. L.P.*, 166 F. Supp. 2d 546, 550 (E.D. Ky. 2001); *Addison v. Allstate Ins. Co.*, 58 F. Supp. 2d 729, 732-33 (S.D. Miss. June 3, 1999). For example, the court in *Beavers* held that a non-diverse defendant was fraudulently joined where the complaint "fail[ed] to distinguish between the [diverse] defendant's allegedly wrongful acts and those of [the non-diverse defendant]" and did not assert any independent claims against the non-diverse defendant. 2012 WL 1945603, at *5. Here, "although [the] complaint commonly employs the generic term 'defendants,' the context and nature of the individual allegations make clear that only [the Fresenius entities] are targeted." *Salisbury*, 166 F. Supp. 2d at 550.

30.  Moreover, Mr. Weisman previously submitted a declaration in a similar products-liability action concerning NaturaLyte and GranuFlo, *Nunez v. Fresenius USA, Inc.*, Case No. 2:13-cv-02729-JGP-OP. That case, also pending in this District, asserts similar claims against most of the same Fresenius entities and Mr. Weisman. Mr. Weisman's declaration states, among other things, that:

    a.    he is not an executive, officer, director, board member, or employee of any of the named Fresenius Defendants;

10

      b.    as a board member of Fresenius Medical Care AG & Co. KGaA (a German holding company), he has no oversight of the day-to-day affairs and operations of its operating indirect subsidiaries and no direct involvement with any U.S. subsidiaries;

      c.    he has never heard of an entity called "Fresenius Medical Care for Los Angeles, California" and is not an officer or director of any such entity; and

      d.    he had not heard of the existence of NaturaLyte or GranuFlo until after the alleged issues related to those products became public knowledge in June of 2012.

[*See* Ex. B (Decl. of Walter L. Weisman, *Nunez v. Fresenius USA, Inc.*, Case No. 2:13-cv-02729-JGP-OP, Doc. No. 25-1 (C.D. Cal. June 17, 2013)) ¶¶ 2-10.]

31. In sum, the Complaint fails to allege facts sufficient to state a cause of action against Mr. Weisman specifically, and his declaration establishes that no potential basis for the alleged claims exists. Thus, Mr. Weisman has been fraudulently joined, and his citizenship should be ignored for purposes of determining diversity jurisdiction. *See Morris*, 236 F.3d at 1067.

### IV. The Other Prerequisites for Removal Are Satisfied

32. This Notice of Removal is timely filed. The statute provides that "[e]ach defendant shall have 30 days after receipt . . . of the initial pleading . . . to file a notice of removal." 28 U.S.C. § 1446(b)(2)(B). The Fresenius Defendants were served on July 26, 2013. This Notice of Removal is filed within 30 days (plus an additional day because the 30th day fell on a Sunday) from that date.

33. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Central District of California, Western Division, embraces the County of Los Angeles in which the state court action is now pending. *See* 28 U.S.C. § 84(c)(2).

11

34. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Defendants, including the summons and Complaint, is attached hereto as Exhibit A.

35. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal, attached hereto as Exhibit C, together with the Notice of Removal, will be served upon counsel for the Plaintiffs and will be filed with the clerk of the Superior Court for the County of Los Angeles.

If any question arises as to the propriety of the removal of this action, the Fresenius Defendants and Ben Lipps respectfully request the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

Dated: August 26, 2013

Respectfully Submitted,

By: /s/ Roger A. Denning

Roger A. Denning (SBN 228998)
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Defendants
FRESENIUS USA, INC., FRESENIUS USA MANUFACTURING, INC., FRESENIUS MEDICAL CARE HOLDINGS, INC., FRESENIUS MEDICAL CARE NORTH AMERICA, INC., FRESENIUS USA MARKETING, INC., BEN LIPPS

# PROOF OF SERVICE

I am employed in the County of San Diego. My business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, California 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On August 26, 2013, I served a copy of the foregoing document(s) on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

**Counsel for Plaintiff:**

Ramon Rossi Lopez
Matthew Ramon Lopez
Brady Douglas Williams
LOPEZ McHUGH LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
Telephone: (949) 737-1501
Facsimile: (949) 737-1504
rlopez0,1opezmchugh.corn
mlopezglopezmchugll.com
bwilliamsamezmaugh.com

John A. Dalimonte
KARON AND DALIMONTE LLP
85 Devonshire Street
Boston, MA 02109
Telephone: (617) 367-3311
Facsimile: (617) 742-9130
iohndalimonteftdlaw.net

Jeffrey N. Catalano
Nicholas B. Carter
Eric Asquith
TODD & WELD LLP
28 State Street., 31 Floor
Boston, MA 02109
Telephone: (617) 720-2626
Facsimile: (617) 624-4869
jcatalano@toddweld.com
ncarter(atoddweld.com
easquith@toddweld.com

☐ **MAIL:** Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL:** Such envelope was delivered by hand to the offices of the addressee.

13

| | | |
|---|---|---|
| ☐ | **FACSIMILE:** | Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error. |
| ☐ | **E-MAIL:** | Such document was transmitted by electronic mail to the addressees' email addresses as stated above. |
| ☒ XX | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |
| ☐ | **EXPRESS MAIL:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by the United States Postal Service. |
| ☐ | **OVERNIGHT DELIVERY:** | Such correspondence was given on the same day in the ordinary course of business to an authorized courier or a driver authorized by that courier to receive documents. |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on August 26, 2013, at San Diego, California.

*/s/ Kristen Coolidge*
Kristen Coolidge

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

COPY

### I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ )
KIMBERLY JOHNSON, SHALA JOHNSON, HOLLIS JOHNSON, NIESHA JOHNSON, BRYANT BROWN, AND ANNTONI ANDERSON, a minor, by and through her guardian ad litem, KIMBERLY JOHNSON,

### DEFENDANTS ( Check box if you are representing yourself ☐ )
FRESENIUS USA, INC., et al.

[See Attachment A for complete list of Defendants]

### (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Ramon Rossi Lopez / Matthew Ramon Lopez / Brady Douglas Williams
LOPEZ MCHUGH LLP
100 Bayview Circle, Suite 5600/ Newport Beach, CA 92660
Phone: (949) 737-1501 / Facsimile: (949) 737-1504

### (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Roger A. Denning, FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: (858) 678-5070

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)
☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
CLASS ACTION under F.R.Cv.P. 23: ☐ Yes ☒ No     ☒ MONEY DEMANDED IN COMPLAINT: $ Over $75,000

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC Section 1332 (Diversity Jurisdiction), and 28 USC Sections 1367, 1441, and 1446

### VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☒ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number:  **CV13-06245**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                                    CIVIL COVER SHEET                                    Page 1 of 2

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
KIMBERLY JOHNSON, SHALA JOHNSON, HOLLIS JOHNSON, NIESHA JOHNSON, BRYANT BROWN, AND ANNTONI ANDERSON, a minor, by and through her guardian ad litem, KIMBERLY JOHNSON,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
FRESENIUS USA, INC., et al.

[See Attachment A for complete list of Defendants]

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Ramon Rossi Lopez / Matthew Ramon Lopez / Brady Douglas Williams
LOPEZ MCHUGH LLP
100 Bayview Circle, Suite 5600/ Newport Beach, CA 92660
Phone: (949) 737-1501 / Facsimile: (949) 737-1504

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Roger A. Denning, FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: (858) 678-5070

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No  (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ Over $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC Section 1332 (Diversity Jurisdiction), and 28 USC Sections 1367, 1441, and 1446

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☒ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☐ NO  ☒ YES

If yes, list case number(s): 13-cv-00401-JGB-OP, 13-cv-02729 JGB-OP, 13-cv-04079 JGB-OP, 13-cv-04740-GHK-FFM, 3-cv-04741-PSG-SH, 13-cv-5052-MRP-AJW

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| The decedent resided in Los Angeles County, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | See Attachment A for list of residences of each named defendant. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*****Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note**: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT)**: _Ros & Diny_  DATE: 8/26/2013

**Notice to Counsel/Parties**: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |